# IN THE U.S. DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| DEDRA CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 1:11-0021 |
| ) | Judge Sharp |
| WAL-MART STORES EAST, L.P., ) | Magistrate Knowles |
| ) | JURY DEMAND |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1332 relating to diversity of citizenship of the parties. The parties are citizens of different states. Jurisdiction is not disputed.

B. BRIEF THEORIES OF THE PARTIES: The parties' respective theories on liability are set forth below.

(1) PLAINTIFF: Plaintiff asserts that on May 2, 2010, plaintiff entered the vestibule at defendant's store to obtain a shopping cart when she slipped and fell on water. Plaintiff alleges that the water was left negligently on the ground by the defendant. Plaintiff alleges that defendant breached its duty of care which was the proximate cause of plaintiff's injury. Plaintiff also alleges that defendant acted recklessly by failing to remove the water over which plaintiff slipped.

(2) DEFENDANT: Defendant admits that plaintiff slipped and fell on May 2, 2010 as she was entering the store. However, defendant denies that it was negligent and denies that it breached its duty of care. Defendant also denies that it acted recklessly. Furthermore, defendant

asserts that plaintiff failed to exercise reasonable care for her own safety by failing to see what was there to be seen; failing to heed a warning; failing to avoid the slip and fall accident; and inattention.  Additionally, defendant asserts that plaintiff knew (or should have known) of the potentially slippery condition given the heavy rain around the time of the accident.  Defendant asserts that plaintiff's comparative negligence equals or exceeds 50% thereby barring plaintiff from recovery.  Alternatively, plaintiff's comparative negligence should proportionately reduce plaintiff's judgment, if any.

    C.    ISSUES RESOLVED: Jurisdiction and venue.

    D.    ISSUES IN DISPUTE: Liability and damages.

    E.    INITIAL DISCLOSURES: Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 14 days after the initial case management order.

    F.    DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before March 1, 2012.  Discovery is not stayed during dispositive motions, unless ordered by the court.  Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts.  No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences. The deadline for filing discovery-related Motions regarding fact discovery is March 8, 2012.

    G.    NEED FOR OTHER CLAIMS OR SPECIAL ISSUES UNDER RULES 13-15, 17-21, AND RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE:  All motions to amend pleadings, add parties or claims shall be filed by December 1, 2011.

    H.    DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before November 1, 2011.  The defendant shall identify and

disclose all expert witnesses and reports on or before December 1, 2011.

  I.  DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before March 1, 2012.

  J.  JOINT MEDIATION REPORT

.

  K.  DISPOSITIVE MOTIONS: The parties shall file all dispositive motions or before May 1, 2012.  Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion.  Optional replies may be filed within ten (10) days after the filing of the response.  Briefs shall not exceed twenty (20) pages.

.

.

.

  L.  ELECTRONIC DISCOVERY: The parties do not anticipate any electronic discovery.

  M.  ESTIMATED TRIAL TIME: This case is set for jury trial on October 2, 2012, at 9:00 a.m. in Columbia before the Honorable Kevin H. Sharp.  The pretrial conference is set for September 10, 2012, at 1:30 p.m.

  It is so **ORDERED.**

_____
United State Magistrate Judge E. Clifton Knowles